# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

**FILED**

March 23, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

JAMES HIGGINS,       )
                               )
       Appellant,       )   **MADISON COUNTY**
                               )   **C.C.A. NO.**
**v.**                          )   **W1999-01726-CCA-R3-PC**
                               )
**STATE OF TENNESSEE,**       )
                               )
       Appellee.        )

---

## ORDER

---

This case came to be heard on the motion of the State of Tennessee for an affirmance of the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. On September 9, 1998, the Appellant pleaded guilty to aggravated robbery before the Madison County Circuit Court. Pursuant to his plea agreement, he was sentenced to eight years with the Department of Correction as a range I standard offender. His sentence was ordered to run concurrently with a previous sentence from Chester County, and he was also given credit on his sentence for the time he had already served for the Chester County conviction.

Only months after his plea, the Appellant filed a *pro se* motion to reduce his sentence pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure. Through this filing, he contended that counsel rendered ineffective assistance by coercing him into pleading guilty, thereby rendering his guilty plea involuntary. IN particular, he asserted that although he was guilty of robbery, he was not guilty of aggravated robbery. Given the substance of the Appellant's *pro se* complaint, the trial court correctly treated the filing as a petition for post-conviction relief and appointed counsel to assist the Appellant. *See Norton v. Everhart*, 895 S.W.2d 317, 319 (Tenn. 1995)(stating that a trial court is not bound by the title of a pleading but may instead construe it according to its substance and the relief sought). The trial court conducted a hearing on the petition on February 26, 1999.

At the post-conviction hearing, the Appellant testified that counsel wanted only to

clear his caseload and was not interested in assisting him. However, the Appellant readily admitted that he understood the nature of his plea agreement. He also stated that he chose to plead guilty because he feared that he might receive a greater punishment if he were convicted at trial, as his attorney had warned him.

Following the hearing, the trial court denied post-conviction relief. In so doing, the trial court found that the Appellant, by his own testimony, fully understood what he was pleading to and what sentence was called for by his plea agreement. The trial court found further that the mere fact that counsel truthfully informed the Appellant that he could accept the plea agreement or proceed to trial and risk a greater punishment than that called for in the plea agreement did not amount to deficient performance in any way. The trial court also reviewed the transcript of the guilty plea submission hearing and found no evidence suggesting that the plea was involuntary.

Based on our review of the record in this case, we conclude that the trial court correctly denied post-conviction relief. The Appellant's claim that his counsel wanted only to clear his caseload is nothing more than a bald assertion without any supporting particularized proof. We simply cannot conclude that the Appellant has offered clear and convincing evidence to prove his allegations in this regard as is required under the Post-Conviction Procedure Act of 1995. *See* Tenn. Code Ann. § 40-30-210(f). In fact, the record reveals that counsel secured a plea agreement which offered the Appellant the minimum sentence to run concurrently with a previously-imposed sentence. Additionally, the State agreed to dismiss a second charge against the Appellant in conjunction with the plea agreement. Moreover, the Appellant testified at the guilty plea submission hearing that he was satisfied with counsel's performance.

Furthermore, the Appellant readily admitted that he fully understood the nature of his plea agreement. The Appellant testified that he made a "hard choice" to accept the plea agreement because, as his counsel had warned him, he feared he might receive a greater punishment if he were convicted at trial. It is well-settled that a petitioner's fear that he or she may receive a greater punishment if convicted at trial does not render a guilty plea a product of coercion or otherwise involuntary. *Hicks v. State*, 983 S.W.2d 240, 248 (Tenn. Crim. App. 1998); *Parham v. State* 885 S.W.2d 375, 381 (Tenn. Crim. App. 1994); *Kathy Howell Knight v. State*, Meigs County, No. 24 (Tenn. Crim. App., filed March 14, 1991, at Knoxville), *perm. to appeal denied*, (Tenn. 1991). The transcript of the guilty plea submission hearing indicates that the Appellant was adequately advised of his rights and the consequences of pleading guilty. Although he initially expressed concern over

pleading guilty to aggravated robbery, he eventually stated that he was choosing to plead guilty because it was the best course of action considering all fo the surrounding circumstances. From our review, there is nothing in the record which suggests that the Appellant's decision to accept the plea agreement was the product of coercion or otherwise involuntary.

Accordingly, the judgment of the trail court denying post-conviction relief is AFFIRMED pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Costs are taxed to the state.

_____
DAVID G. HAYES, JUDGE

CONCUR:


_____
JOE G. RILEY, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE